<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL VERSAGGI, | : | |
|     Plaintiff, | : | Civil Action No. 05-2093 |
| v. | : | |
| | : | **OPINION** |
| TOWNSHIP OF GLOUCESTER, JOHN | : | |
|     STOLLSTEIMER, EDWARD SMITH, | : | |
|     WILLARD SCHRIVER, JOHN | : | |
|     SCHUCK, and WILLIAM HARRY | : | |
|     EARLE, | : | |
|     Defendants. | : | |

**Appearances:**

    F. Michael Daily, Jr., Esquire
    Amy B. Sunnergren, Esquire, on the brief
    F. Michael Daily, Jr., LLC
    Sentry Office Plaza
    216 Haddon Avenue, Suite 100
    Westmont, N.J. 08108
        Attorneys for Plaintiff

    Barbara A. O'Connell, Esquire
    Sweeney & Sheehan, P.C.
    Sentry Office Plaza
    216 Haddon Avenue, Suite 500
    Westmont, N.J. 08108
        Attorney for Defendants

**RODRIGUEZ, SENIOR DISTRICT JUDGE:**

    This matter comes before the Court on a motion [7] filed by Defendants John Stollsteimer, Edward Smith, Willard Schriver, John Schuck, William Harry Earle and Township of Gloucester to dismiss Plaintiff Michael Versaggi's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Defendants' motion will be granted in part and

1

denied in part. Defendants' motion will be denied in all respects, except that Defendants' motion to dismiss Plaintiff's emotional distress claim against Defendant Township of Gloucester will be granted.

## I. BACKGROUND

Plaintiff has alleged in his Complaint the following facts, which will be accepted as true for the purpose of deciding this motion. Plaintiff began employment with the Township of Gloucester as a police officer on April 22, 1985. (Pl. Compl., ¶ 12.) In September 1999, plaintiff was promoted to the position of sergeant.[1] (Pl. Compl., ¶ 13.) Plaintiff alleges that his position as sergeant was a permanent position and he could not be removed from the position without notice, a hearing and just cause. (Pl. Compl., ¶ 14.) Plaintiff alleges that beginning in early 2002, Defendants conspired and took actions to remove him from the position of sergeant without just cause. (Pl. Compl., ¶ 15.) Defendants engaged in "an extensive pattern of harassment which consisted of egregious demands, unwarranted, 'counseling sessions,' reprimands, suspensions and eventually the filing of baseless charges against the plaintiff seeking his removal." (Pl. Compl., ¶ 16.)

On April 20, 2003, as a result of Defendants' actions, Plaintiff was demoted to the position of police officer. (Pl. Compl., ¶¶ 17-18.) Following Plaintiff's demotion, the son of Defendant Willard Schriver was appointed as sergeant in place of the Plaintiff. (Pl. Compl., ¶ 18.) Plaintiff believes Defendants subjected him to disparate treatment on account of nepotism. (Pl. Compl., ¶ 1.) Plaintiff filed his Complaint on April 20, 2003.

---

[1] Plaintiff appears to accidentally state in paragraph 13 of his Complaint that he was promoted to the title of police officer, instead of sergeant.

## II.  DISCUSSION

A.      **Standard on Motion to Dismiss**

When considering a Rule 12(b)(6) motion to dismiss a complaint, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991); Rogin v. Bensalem Twp., 616 F.2d 680, 685 (3d Cir. 1980).  A court may not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (further citation omitted); see also D.P. Enters., Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, a complaint need not spell out the theory of liability under which the plaintiff hopes to recover.  See Evans Prods. Co. v. West Am. Ins. Co., 736 F.2d 920, 923 (3d Cir. 1984).  It is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quoting Conley, 355 U.S. at 47)).  Finally, a court reviewing a Rule 12(b)(6) motion must only

consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Plaintiff filed his Complaint under federal statute 28 U.S.C. § 1983 which "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred."  Baker v. McCollan, 443 U.S. 137, 145 n.9 (1979).  To establish liability under § 1983, a plaintiff must show defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights and caused the plaintiff's injury.  Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005) (citing Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1988)).

**B.     Qualified Immunity**

Defendants claim Plaintiff's Complaint must be dismissed because they are entitled to qualified immunity as to the federal claims.  Qualified immunity operates "to ensure that before they are subject to suit, officers are on notice their conduct is unlawful."  Saucier v. Katz, 533 U.S. 194, 206 (2001).  Qualified immunity shields government officials who perform discretionary functions from civil damages liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The official action does not need to have been previously held unlawful, but "in the light of pre-existing law the unlawfulness must be apparent."  Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).  The Supreme Court in Harlow provided:

> By defining the limits of qualified immunity essentially in objective terms, we provide no license to lawless conduct. The public interest in deterrence of unlawful conduct and in compensation of victims remains protected by a test that focuses on the objective legal reasonableness of an official's acts. Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action. But where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken "with independence and without fear of consequences."

Id. at 819 (citing Pierson v. Ray, 386 U.S. 547, 554 (1967)). The Supreme Court in Hope found that an officer sued for damages in a civil action under 28 U.S.C. § 1983 had the right to fair notice or fair warning that his conduct deprived the plaintiff of a constitutional right. 536 U.S. at 740-41. Officials can be on notice even in novel factual circumstances. Id. at 741. The question to be asked is whether the state of the law at the time of defendants' actions gave them fair warning that their alleged treatment of the plaintiff was unconstitutional.[2] Id.

At this point in the litigation, additional discovery is required to know whether Defendants would or would not be entitled to qualified immunity. It is unknown if Defendants' acted reasonably in demoting Plaintiff and whether Defendants' conduct, as alleged by Plaintiff, would be deemed lawless. Additionally, if Plaintiff has a property interest in his position and could only be removed with notice for just cause, Defendants would have had fair warning that their conduct in demoting Plaintiff without notice and without just cause would result in a violation of his constitutional rights. Therefore, and without ruling on the merits of the claim,

---

[2] The Court notes that Defendants cited an Eleventh Circuit decision, Lassiter v. Ala. A&M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994), which was abrogated by the United States Supreme Court in Hope, 536 U.S. at 739-42. Additionally, Defendants cite the case of Slattery v. Rizzo as originating from the Third Circuit when it is a Fourth Circuit decision. See Slattery v. Rizzo, 939 F.2d 213 (4th Cir. 1991).

the Court finds that dismissal on the grounds of qualified immunity is premature.

**C.     Due Process**

  **1.  Plaintiff's Complaint**

Section One of the Fourteenth Amendment provides: "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law."  In Perez v. Cucci, the District Court of New Jersey found:

> To succeed on a claim that the removal from a position of public employment violates due process, the public employee must prove . . . (1) that the dismissal deprived him of a property or liberty interest, and (2) that the employer did not afford him adequate procedural protections in connection with the action.

725 F. Supp. 209, 241 (D.N.J. 1989) (citing Fed. Deposit Ins. Corp. v. Mallen, 486 U.S. 230, 239 (1988); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-41 (1985)). Plaintiff concedes in his Opposition that he does not allege a violation of any liberty interest.  (Pl. Opp., p. 8). However, Plaintiff alleges that his due process rights were violated because he was removed from the position of sergeant "without notice, a hearing and just cause."  (Pl. Compl., ¶¶ 14-15.)

"'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.'" Town of Castel Rock Colo. v. Gonzales, 125 S. Ct. 2796, 2803 (2005) (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972)).  These entitlements do not stem from the Constitution, but rather independent sources such as state law. Id. (further citation omitted).  Property rights protected under the Fourteenth Amendment are created by state law.  Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077 (3d Cir. 1997).  Thus,

the Court must look to New Jersey substantive law to determine if Plaintiff had a property interest in his position as a sergeant.  See id.

In Perez, a city police officer filed a § 1983 claim against city officials alleging that the police officer's demotion was a result of his support of a mayoral candidate.  725 F. Supp. at 212.  In determining whether the plaintiff had suffered a due process violation of a property interest, the court found that it may look to state statute, regulation, local government policy or an agreement between the employee and governmental employer.  Id. at 242.  "The hallmark of a constitutionally protected property interest [in public employment] is an individual entitlement [that he] 'cannot be removed except' for cause."  Id. (citing Richardson v. Felix, 856 F.2d 505, 509 (3d Cir. 1988) (quoting Logan v. Zimmerman Brush, 455 U.S. 422, 430 (1982))).  The court must examine state statutory provisions and governmental polices to determine if they guarantee the plaintiff continued employment "except for cause."  Id.  In Perez, the court relied on N.J.S.A. 40A:14-147[3] and 40A:14-128[4] to determine that New Jersey law provided that no permanent

---

[3] N.J.S.A. 40A:14-147 provides:

Except as otherwise provided by law, no permanent member or officer of the police department or force shall be removed from his office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established for the government of the police department and force, nor shall such member or officer be suspended, removed, fined or reduced in rank from or in office, employment, or position therein, except for just cause as hereinbefore provided and then only upon a written complaint setting forth the charge or charges against such member or officer.

N.J.S.A. 40A:14-147 (1997).

[4] N.J.S.A. 40A:14-128 provides: "Except as otherwise provided by law, in any municipality having permanent members and officers of a police department and force, the employment of said members and officers shall be indeterminate and continuous during good

member of the police department could be removed from his office or position without "just cause."  The court held that the existence of the "just cause" requirement gave the plaintiff a protected property interest in his former position and his demotion by defendants without procedural protections (i.e. a notice and hearing) violated his due process protections, and thus defendants violated 42 U.S.C. § 1983.  Id.  Cf. Kelly, 107 F.3d at 1077 (holding while plaintiff police officer had shown a property interest in his position under N.J.S.A. 40A:14-147, he had not established a property loss when he alleged no removal, suspension or reduction in rank and his Complaint was dismissed).

Assuming the facts in Plaintiff's Complaint to be true, Plaintiff has a property interest in his position as sergeant.  Under N.J.S.A. 40A:14-147, Plaintiff was a member of the police department and thus could not be demoted without "just cause."  In addition, as Plaintiff cites, he was a permanent civil service employee and under N.J.S.A. 11A:2-13, he was entitled to be notified in writing and have the opportunity for a hearing before any disciplinary action is taken.  See N.J.S.A. 11A:2-13.  According to Plaintiff's Complaint, he was removed from his position as sergeant without notice, a hearing and just cause.  (Pl. Compl., ¶¶ 14-15.)

The case of Pollock v. City of Ocean City, 968 F. Supp. 187 (D.N.J. 1997), cited by Defendants is distinguishable and does not guide the Court in this matter.  In Pollock, the plaintiff alleged a failure to obtain a promotion was a due process violation.  Id. at 189-90.  However, the court found the promoted position was not a property interest or entitlement of the plaintiff and could not be the basis of a Fourteenth Amendment due process claim cognizable under § 1983.  Id. at 190.  However, here, Plaintiff alleges a property loss in his demotion from

---

behavior and efficiency."  N.J.S.A. 40A:14-128 (1993).

sergeant to police officer. Therefore, Plaintiff has stated a cause of action for a due process violation under § 1983.[5] Accordingly, Defendants' Motion to Dismiss Plaintiff's due process claim will be denied.

### 2. Administrative Remedies

Defendants assert, without explanation, that the administrative remedies available to Plaintiff under New Jersey law satisfy the due process requirements of the Fourteenth Amendment and that Plaintiff was not deprived of due process. (Def. Br., p. 9.) The Defendants note that Plaintiff is "presently engaged in the administrative civil service review process. (Def. Br., p. 9.) In addition, Defendants state in their reply that Plaintiff's demotion was not based on nepotism; rather, it followed an administrative hearing wherein Plaintiff was afforded due process and was found guilty for committing certain disciplinary infractions. (Def. Reply, p. 4.)

Defendants cite Pollock for the proposition that even if a police officer who was denied a promotion had a property or liberty interest in the position, he could not show that the administrative remedies under the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et seq., and the New Jersey Department of Personnel Act, N.J.S.A. 11A:2-1 et seq., fell short of the due process protections required under the Constitution. Pollock, 968 F. Supp. at 191. Plaintiff counters that while procedures under New Jersey statutes allow him to raise his claim through administrative channels, he is not required to do so and may instead file his claim with this Court. (Pl. Opp., p. 9.) This Court previously found that "the Supreme Court

---

[5] While Defendants' motion papers state that a hearing has been granted to Plaintiff regarding his demotion, it is neither possible nor permissible for the Court, on the record presently before it for purposes of a motion to dismiss, to determine whether the hearing adequately protected his due process rights.

has followed consistently the principle first enunciated in Monroe v. Pape, 365 U.S. 167 (1961), that a plaintiff is not required to resort to state administrative procedures before bringing an action pursuant to § 1983." Bowman v. Twp. of Pennsauken, 709 F. Supp. 1329, 1335 (D.N.J. 1989). The Monroe court stated that "[i]t is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal ones is invoked." 365 U.S. at 183. In Bowman, police officers filed a claim under § 1983 alleging that a township resolution violated both the Equal Protection and the Due Process Clauses of the Fourteenth Amendment. 709 F. Supp. at 1335-36. This Court held that the plaintiff did not need to exhaust the state administrative remedies, including the New Jersey Employer-Employee Protection Act, N.J.S.A.§ 34:13A-5.4(a)(1) and (5), before filing a federal action under § 1983. Id. at 1336.

Here, Plaintiff has filed a claim under § 1983 alleging due process and equal protection violations under the Fourteenth Amendment. Like the plaintiffs in Bowman, to the extent that Plaintiff is pursuing concurrently administrative remedies, he is not barred from bringing an action in federal court before exhausting his state administrative remedies.[6]

**D.      Equal Protection**

The Equal Protection Clause requires that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). "Therefore, a plaintiff may assert an equal protection claim when (1) he is a member of a protected class

---

[6]Neither party has explicitly stated what state administrative procedures Plaintiff is pursuing, nor what remedies Plaintiff is seeking in his state administrative proceedings. Therefore, the Court does not address Plaintiff's argument that the Merit Board System and this Court are forums of unequal jurisdiction.

similarly situated to members of an unprotected class and was treated differently from the unprotected class, see Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir.1990); or (2) he belongs to a 'class of one' and was intentionally treated differently from others similarly situated without any rational basis.  Village of Willowbrook v. Olech, 528 U.S. 562 (2000)."  Mayer v. Gottheiner, 382 F. Supp 2d 635, 651 (D.N.J. 2005).

Defendants argue that Plaintiff failed in his Complaint to allege membership in a protected or suspect class and did not allege he was treated differently from other similarly situated persons.  Defendants claim the cases of Olech, 528 U.S. 562, and LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587 (2d Cir. 1994), are distinguishable as they involved selective enforcement of land use ordinances.  Some courts have held that the Supreme Court's holding in Olech regarding an individual's ability to allege a "class of one" in an equal protection claim was limited to zoning cases.[7]  However, the Third Circuit and this Court have adopted an expansive reading of the "class of one" doctrine and have not limited its application to land use and zoning cases.  See, e.g., Marwood v. Elizabeth Forward Sch. Dist., 91 Fed. Appx. 207, 209 (3d Cir. 2004) (applying "class of one" in teaching employment case); Mayer, 328 F. Supp. 2d at 651 (applying doctrine in § 1983 case where resident claimed police officer's conduct was retaliatory and violated the equal protection clause).  In both Marwood and Mayer, the courts granted summary judgment because the plaintiffs failed to establish they were

---

[7] See, e.g., Campagna v. Mass. Dep't of Envtl. Prot., 206 F. Supp 2d 120, 127 (D. Mass. 2002) (finding in § 1983 case involving alleged equal protection claim that Supreme Court could have not meant for the holding in Olech to extend to employment litigation due to the "beehive of constitutional litigation that would be generated by this variant of the 'class of one' doctrine").

treated differently from others similarly situated.  Marwood, 91 Fed. Appx. at 208-209; Mayer, 382 F. Supp 2d at 654-55.

However, here, the Court only applies a motion to dismiss standard and Plaintiff need only make the basic allegations.  In his Complaint, Plaintiff alleges that the actions of Defendants "subjected the plaintiff to disparate treatment on account of nepotism." (Pl. Compl., ¶ 27.) Plaintiff further alleges that nepotism "constitutes neither a legitimate or rational basis for government action or classification." (Pl. Compl., ¶ 28.)

In Capital Cities Media, Inc. v. Chester, the Third Circuit reversed the district court's decision dismissing the plaintiff's complaint.  797 F.2d 1164, 1176 (3d Cir. 1986).  The court found while the plaintiff failed to specify which news agencies had been denied access to information, the allegations did state a claim that the defendant had engaged in discrimination between news agencies.[8] Id.  Inherent in Plaintiff's claim based on nepotism are two classes of persons: those related to someone higher in the rank with authority to assign positions and those not related to anyone.[9]  Therefore, the Court finds that Plaintiff has alleged the bare minimum to establish an equal protection claim.  Accordingly, Defendants' motion to dismiss Plaintiff's equal protection claim will be dismissed.

### E.     Emotional Distress Claim under New Jersey Tort Claims Act

Defendants argue that Plaintiff's claim for "unlawful infliction of emotional distress"

---

[8] The court held: "[g]iven the seriousness of this claim and the public interest in having it resolved on the merits, we concluded the judgment should be vacated . . . [to] afford Times Leader an opportunity to develop a record in support of its equal protection claim." Capital Cities Media, 797 F.2d at 1176.

[9] The Court does not address the issue of whether the alleged nepotism was rationally related to some government purpose at this stage of litigation under a motion to dismiss.

should be dismissed as Defendants are immune from emotional distress claims under Title 59 of the New Jersey Statutes, or alternatively, Plaintiff's Complaint falls far short of alleging facts sufficient to sustain a cause of action for emotional distress damages. Defendants correctly point out that Plaintiff's Complaint failed to identify his claims for emotional distress as either negligent or intentional. Because Plaintiff's claim for emotional distress is a state law claim, the Court must look to New Jersey substantive law. To establish a claim of intentional emotion distress under New Jersey law, a "plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Griffin v. Tops Appliance City, Inc., 337 N.J. Super. 15, 22 (N.J. Super. App. Div. 2001).

### 1. Defendant Township of Gloucester

Plaintiff concedes that under Title 59 of the New Jersey Statutes, Defendant Township of Gloucester, as a public entity, is immune from suit and "is not liable for either the intentional or the negligent infliction of emotional distress." (Pl. Opp., p. 11.) See N.J.S.A. 59:2-3; 59:9-2(d). Therefore, the Court will grant Defendants' motion to dismiss as to the Township of Gloucester.

### 2. Individual Defendants

The parties dispute whether the individually named Defendants are entitled to immunity under Title 59 as employees of a public entity. (Def. Br., p. 11), (Pl. Opp., p. 11-12). N.J.S.A. 59:1-3 defines a "public employee" as an employee of a public entity. Defendants' argue they are public employees and as such are entitled to personal immunity. However, N.J.S.A. 59:3-14(a) provides: "Nothing in this act shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:3-14(a).

Plaintiff's Complaint has stated a cause of action for emotional distress against the individually named Defendants. Paragraph 21 of Plaintiff's Complaint provides, "[t]he foregoing acts of the defendants were performed intentionally and with malice or with reckless indifference to the constitutional and legal rights of the plaintiff," and that Defendants' conduct was "outrageous." (Pl. Compl., ¶¶ 20-21.) Thereafter, Plaintiff's Complaint states, "[t]he aforesaid actions of the defendants constituted the unlawful infliction of emotional distress upon the plaintiff." (Pl. Compl., ¶ 32.) At this point in the litigation, discovery should be allowed to determine if the individual Defendants' conduct "constituted a crime, actual fraud, actual malice or willful misconduct" under N.J.S.A. 59:3-14(a). From the record to date, it is unclear if Defendants' conduct places them outside the scope of immunity provided under Title 59 of the New Jersey Statutes. Therefore, the Court finds that Plaintiff, in his Complaint, does allege facts sufficient to withstand a motion to dismiss. Accordingly, Defendants' motion to dismiss Plaintiff's emotional distress claims as to the individual Defendants will be denied.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss [7] will be granted in part and denied in part. Defendants' motion will be denied in all respects, except that Defendants' motion to dismiss Plaintiff's emotional distress claims against Defendant Township of Gloucester will be granted.

An appropriate Order will issue this date.

/S/  Joseph H. Rodriguez
Joseph H. Rodriguez, U.S.D.J.

Dated: November 28, 2005